UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN STEIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-cv-398-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ryan Stein's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government responded to the motion (Doc. 4), and Stein replied to that response (Doc. 5).

**I.    Background**

On June 9, 2005, Stein was indicted and arraigned on one count of conspiring to manufacture and distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. After Stein's initial representation at the arraignment by an assistant federal public defender, attorney Eric Butts was appointed to represent Stein. On July 22, 2005, the government filed an information pursuant to 21 U.S.C. § 851 notifying Stein it would be seeking enhanced penalties by virtue of a prior felony drug conviction.

Shortly thereafter, Stein retained attorney Paul Christenson and the Court allowed Butts to withdraw from the case. On July 7, 2006,[1] the government made a motion to disqualify Christenson on the grounds that he had represented Shane Clutts, one of Stein's co-defendants, in a related state case and that Clutts would testify against Stein at his federal trial. Stein was

---

[1]The proceedings were substantially delayed as a result of the need for Stein and one of his co-defendants to receive medical treatment.

willing to waive any conflict of interest, but Clutts was not. On August 16, 2006, the Court held a hearing on the motion at which Stein confirmed his waiver of a conflict. Nevertheless, the Court granted the motion, disqualified Christenson and allowed Stein time to retain new counsel. Jeffery Green entered his appearance for Stein several weeks later.

Stein's case was tried to a jury and on November 15, 2006, the jury returned a guilty verdict along with a special verdict finding that the amount of methamphetamine involved in the offense exceeded 50 grams. At trial, Clutts testified against Stein, and Stein presented no evidence in his defense.

On March 1, 2007, the Court held a sentencing hearing at which Stein's counsel objected to the presentence investigation report's ("PSR") relevant conduct finding of approximately 900 grams of methamphetamine. In weighing this objection, the Court considered the trial testimony of Clutts, Bernard Kevin Bruce and others, a report of an interview with Clutts, and a law enforcement officer's testimony about an interview with Rodney Kimes. In his cross-examination of the officer and his argument to the Court, Green attempted to show Kimes' statements were unreliable because of Kimes' criminal history and potential bias and because of the statements' incompleteness, lack of specificity and implausibility.

The Court found by a preponderance of the evidence that Stein's relevant conduct was at least 500 grams but less than 1.5 kilograms of methamphetamine, which under U.S.S.G. § 2D1.1[2] yielded a base offense level of 32. In light of Stein's criminal history category of III, his guideline sentencing range was 151 to 188 months in prison. However, he was subject to a statutory minimum sentence of 240 months based on his relevant conduct finding. *See* 21 U.S.C.

---

[2] Unless otherwise noted, the references to the guidelines in this order are to the 2006 United States Sentencing Guidelines Manual.

§ 841(b)(1)(A).  The Court sentenced Stein to serve 240 months in prison, below the statutory maximum life sentence established by the jury's verdict and the § 841 information.  *See* 21 U.S.C. § 841(b)(1)(B).

On March 2, 2007, Stein appealed to the Seventh Circuit Court of Appeals.  In his appeal he argued that the evidence upon which the Court based its relevant conduct finding – the testimony and statements provided by Clutts, Bruce and Kimes – was unreliable.  On December 14, 2007, the Court of Appeals affirmed Stein's conviction and sentence, and on January 7, 2008, it issued its mandate.  *See United States v. Stein*, 258 Fed. App'x 7 (7th Cir. 2007).

Stein filed a petition for a writ of *certiorari* from the Supreme Court, which was denied on May 27, 2008.  *See Stein v. United States*, 128 S. Ct. 2523 (2008).

Stein mailed this § 2255 motion on May 26, 2009.  Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), his motion was timely filed.  In the motion, he argues that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to effective assistance of counsel in a variety of ways:

1. Counsel failed to advise him of the relevant facts and law regarding his decision whether to plead guilty or go to trial.  Specifically, he argues his counsel failed to ask him about his prior convictions, to advise him about the likelihood of the government's filing an enhancement under 21 U.S.C. § 851 in light of those convictions, the consequences of such an enhancement and the impact of a plea on his possible sentence.  He also faults his counsel for failing to advise him that there was overwhelming evidence against him and that he was likely to be convicted.  He claims that if he had been properly advised, he would have pled guilty.

2. Counsel failed to file a motion to suppress evidence material to his conviction and sentencing and a motion to dismiss the indictment.

3. At trial, counsel failed to investigate and present exculpatory evidence and to object to admission of the government's improper evidence.

4. Counsel failed to request appropriate jury instructions and to object to the government's instructions.  He also alleges his counsel failed to object to improprieties in the

government's closing argument and ask for a curative instruction.

5. At sentencing, counsel failed to investigate and present evidence and legal argument and to object to admission of the government's improper evidence. Specifically, counsel failed to present evidence or legal argument showing that the evidence used to establish relevant conduct was unreliable.

6. Counsel failed to move for a downward departure under U.S.S.G. § 5G1.3(c) or recommend the Bureau of Prisons award credit for time served on a related state case. Counsel further did not move for a downward variance under 18 U.S.C. § 3553(a).

7. Counsel failed to investigate and present the strongest issues on appeal and failed to preserve issues for collateral attack.

8. Counsel has a conflict of interest at all stages of the proceedings.

9. Counsel's cumulative error prejudiced him.

Stein also argues his conviction and sentencing violated his First Amendment rights to free speech and to petition the government, his Second Amendment rights, his Fourth Amendment right to be free of unreasonable search and seizure, his Fifth Amendment right to due process, his Sixth Amendment rights to counsel, to a jury trial, to confront witnesses, to present a defense and to compulsory process, and his Eighth Amendment right to be free from cruel and unusual punishment.

The government argues that some of Stein's claims are procedurally defaulted, and all of them have no merit.

In reply, Stein fleshes out details of his first claim but neglects to mention his others.

**II.   § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an

error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

Neither is a § 2255 motion necessarily a second chance at a successful appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). The Court may refuse to consider issues in a § 2255 motion that a defendant raised on direct appeal where there are no changed circumstances of fact or law. *Id.*; *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal proceedings occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular proceeding and potential

prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III. Analysis

#### A. Ineffective Assistance of Counsel

The vast majority of Stein's claims assert that his attorneys were constitutionally ineffective and that he was therefore deprived of the assistance of counsel guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009), *cert. denied*, No. 09-9131, 2010 WL 1006121 (Mar. 22, 2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*,

574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

The Court will address each of the alleged deficiencies of counsel and then will address the cumulative effect of all errors.

<u>Ground 1.</u>     <u>Plea Advice</u>

Stein believes counsel was deficient because he did not ask Stein early enough about his prior convictions so counsel could determine that the government was likely to file a § 851 information that would raise his mandatory minimum sentence. Stein claims if he had known the government was going to file a § 851 information, he would have pled guilty before it was filed. He also believes counsel should have advised him that there was overwhelming evidence against him and that he was likely to be convicted.

Stein's notion that had counsel performed differently, he could have caught the government sleeping and pled guilty before they could file a § 851 information is simply not realistic. At the early stages of the case, counsel was well within the realm of competent assistance to withhold a plea recommendation until he had had a chance to thoroughly review the discovery on his own and with Stein. The idea that counsel would have been able to accomplish

7

this on the date of the arraignment in time for him to plead guilty at that hearing, as Stein suggests, is absurd. Counsel's performance was not deficient.

Furthermore, even if counsel had inquired into Stein's criminal history and been able to inform him a § 851 information was likely, there is no way Stein could have pled guilty before the government had filed the enhancement. In order to plead guilty outside the court hearings set at the arraignment,[3] a defendant must notify the Court he wants to plead guilty so that the Court can set a plea hearing. Once such a hearing is noticed on the record, the government can file a § 851 information within hours. It is a matter of drafting a simple document, inserting prior conviction facts that are readily available to the government through a routine criminal history check, and electronically filing the document via any computer with an internet connection. Stein simply would not have been able to sneak in a guilty plea before the information could have been filed if the government had been committed to filing it.

To the extent Stein might be faulting his counsel for failing to convince the government not to file a § 851 information, he has not alleged what counsel could have said or done that would have had any impact on the government's decision. Although he believes an offer to plead guilty early would have garnered an agreement from the government not to file a § 851 information, that theory is mere speculation. Furthermore, had the government been amenable to such a bargain, it was perfectly free to offer to withdraw the § 851 information in exchange for a guilty plea. The Court has seen this occur on a number of occasions. That the government did not in this case is evidence that it was not interested in such a deal. Without specific allegations about how counsel could have performed better to get a better plea deal for Stein, the

---

[3] The earliest hearing set at the arraignment was the Final Pretrial Conference on August 4, 2005. The Court does not accept pleas at arraignments for a variety of reasons.

Court cannot find counsel's performance was deficient or that Stein suffered prejudice from counsel's plea negotiations.

Finally, to the extent any of Stein's counsel failed to advise him – after taking time to review the evidence and Stein's criminal history – about the likely outcome of a trial and the advantage of pleading guilty instead of going to trial, Stein suffered no prejudice from that failure.  Competent counsel must make a reasonably accurate estimate of a defendant's likely sentence when the defendant is contemplating a guilty plea.  *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001);  *United States v. Barnes*, 83 F.3d 934, 939-40 (7th Cir. 1996).  Usually, a guilty plea provides an advantage to a defendant because his guideline offense level will be reduced under U.S.S.G. § 3E1.1 for acceptance of responsibility, thereby lowering his guideline sentencing range.  This advantage does not exist, however, for defendants like Stein who are subject to a mandatory minimum sentence above the guideline range.  Whether he pled guilty or was convicted at trial, his sentence could not have been lower than the sentence imposed because of the statutory mandatory minimum.  Thus, there is no reasonable probability that the result would have been different had Stein decided to plead guilty.

Ground 2.     Failure to File Motion to Suppress and Motion to Dismiss

Stein claims his counsel was ineffective because he did not move to suppress evidence and to dismiss the indictment.  Stein does not specify which evidence counsel should have sought to suppress, what argument counsel should have presented that would justify suppression or what argument counsel should have presented that would justify dismissing the indictment.  In sum, he has not explained why a motion to suppress or to dismiss the indictment would have had merit such that competent counsel should have made the motion.  Because Stein has pointed to no non-frivolous argument his counsel failed to make that had a reasonable probability of

9

changing the result of the proceedings, the Court cannot find counsel was deficient or that Stein suffered prejudice from counsel's performance.  *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (noting that counsel has no duty to make frivolous arguments).

Ground 3.    Failure to Investigate, Present Evidence or Object to Government Evidence

Stein claims his counsel was ineffective because he did not investigate and present material, exculpatory evidence at trial and failed to object to the government's presentation of inadmissible evidence.

An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003)*; Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006).  When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004).  He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence.  *See Hardamon*, 319 F.3d at 951.  Stein has not pointed to any evidence of what counsel would have discovered had he conducted an adequate investigation and has not explained how the presentation of that evidence would have had a reasonable probability of producing a different result at trial.  Indeed, in his petition, Stein admits that the government had overwhelming evidence of his guilt, which is part of the reason that, in retrospect, he wishes he had pled guilty. Stein has simply failed to show he was prejudiced by counsel's investigation and presentation of

evidence.

As for Stein's contention that counsel failed to object to admission of the government's evidence, he has not identified the specific evidence to which counsel should have objected or the specific bases of an objection. Because he has not pointed to a non-frivolous argument competent counsel would have made that would have had a reasonable probability of changing the results of the proceedings, he cannot establish counsel was constitutionally ineffective. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (noting that counsel has no duty to make frivolous arguments).

Ground 4.    Failure to Propose Jury Instruction and to Object to Government's Proposed Instructions and Closing Argument

Stein faults his counsel for failing to request appropriate jury instructions and for failing to object to the government's proposed jury instructions and to its closing arguments.

A jury instruction is proper if it is adequately supported by the record and is a fair and accurate summary of the law. *United States v. Stott*, 245 F.3d 890, 903(7th Cir. 2001); *United States v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000); *United States v. Wimberly*, 79 F.3d 673, 676 (7th Cir. 1996). Stein has not specified which jury instructions his counsel should have proposed and which given instructions he should have opposed. He further fails to specify which part of the government's closing argument he believes was improper and why. As with Stein's previous bare-bones arguments, those in Ground 4 cannot succeed either. Stein bears the burden of directing the Court to specific acts or omissions of his counsel that amount to deficient performance. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009); *cert. denied*, No. 09-9131, 2010 WL 1006121 (Mar. 22, 2010). His vague and conclusory allegations of deficient performance are insufficient to establish a basis for § 2255 relief.

>  Ground 5. Failure to Investigate, Argue, Present Evidence or Object to Government Evidence

Stein believes his sentencing counsel was constitutionally deficient because he failed to investigate and failed to present evidence and argument on his behalf and because he failed to object to the government's evidence used to establish relevant conduct on the grounds that it was unreliable.

For the same reasons the Court rejected Ground 3, regarding investigation and presentation of evidence at trial, the Court rejects Ground 5 as a basis for § 2255 relief. Stein faults his counsel for failing to present certain evidence and make certain arguments, but he does not specify what that evidence and argument were and why they would have a reasonable probability of changing the result.

The Court notes Stein's counsel at sentencing *did* attempt to cast doubt on the evidence used to establish Stein's relevant conduct. He filed written objections to the PSR's relevant conduct findings based on the credibility of the witnesses testifying to relevant conduct. At the sentencing hearing, he highlighted the fact that Kimes may have been biased in his statements to law enforcement because he was in custody at the time and may have had charges pending against him. He also pointed out that Kimes had a criminal history and omitted certain details from his statement. Counsel argued the evidence of relevant conduct was unreliable because it was implausible, vague and contradicted other evidence in the case. Although counsel's arguments were not successful, his performance was clearly within the range of reasonably competent assistance.

To the extent Ground 5 may be challenging the Court's relevant conduct finding, Stein unsuccessfully raised that issue on direct appeal and has not shown any changed circumstance of

fact or law that would warrant revisiting the issue in this proceeding. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

<u>Ground 6.</u>   Failure to Move for Downward Departure or Ask for a Sentence Credit

Stein believes his counsel should have requested a downward departure under U.S.S.G. § 5G1.3(c), credit for time served, or a lower sentence in light of the factors listed in 18 U.S.C. § 3553(a). Such requests were frivolous and would have been soundly rejected by the Court. Stein's counsel was not deficient for failing to make those frivolous arguments. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

Stein has not demonstrated how U.S.S.G. § 5G1.3(c) would have applied to him. That provision allows the Court to impose a sentence that runs concurrently, partially concurrently or consecutively to a defendant's undischarged term of imprisonment to achieve a reasonable punishment. While Stein was convicted of a related offense in the Jackson County Circuit Court, he received a term of probation, not imprisonment. Thus, there was no undischarged term of imprisonment with which his federal sentence could have concurrently run. Thus, counsel was not deficient for failing to ask for a concurrent sentence or for credit for time served, and Stein suffered no prejudice from counsel's performance.

Stein could not have received a lower sentence based on the § 3553(a) factors because the Court was bound by the statutory mandatory minimum sentence of 240 months established by Stein's relevant conduct and 21 U.S.C. § 841(b)(1)(A). A request from counsel would have been flatly rejected. Counsel was not deficient for failing to request a lower sentence based on

13

the § 3553(a) factors, and Stein suffered no prejudice from the failure to make that request.

Ground 7.    Failure to Raise Arguments on Appeal

Stein believes his appellate counsel was constitutionally ineffective because he failed to investigate and present the strongest issues on appeal and failed to preserve issues for collateral attack. He neglects, however, to say what issues counsel should have raised or how he should have preserved issues for collateral review.

Appellate counsel is not deficient for failing to "raise every non-frivolous issue under the sun." *Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir.1996). Counsel is only deficient if he "fails to appeal an issue that is both obvious and clearly stronger than one that was raised." *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001); *accord Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Furthermore, a petitioner can show prejudice from this deficiency only by demonstrating "that there is a reasonable probability that, but for the deficient performance of his attorney, the result of the appeal would have been different." *Suggs*, 513 F.3d at 678. Stein's conclusory allegations that counsel failed to investigate and raise the strongest issues on appeal do not show how counsel was deficient or how he was prejudiced. Thus, they are insufficient to warrant § 2255 relief.

As for Stein's allegations regarding preserving issues for collateral review, the Court is puzzled how appellate counsel could do this. Raising an issue on direct appeal does not preserve it for collateral review. On the contrary, it generally forecloses appellate review unless there are intervening changes in the facts or law. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Thus, the failure of appellate counsel to raise an issue could not have failed to preserve it for collateral review.

Ground 8.    Counsel's Conflict of Interest

Stein believes all of his counsel were operating under a conflict of interest and were therefore unable to provide him with constitutionally effective assistance of counsel.  He does not specify what the conflict for each counsel was, and the record reflects only a question of conflict regarding Christenson, one of Stein's four pretrial counsel.

When the alleged ineffective assistance of counsel stems from a conflict of interest, the *Strickland* standard is slightly different.  Where a petitioner shows his counsel's conflict of interest actually affected the adequacy of his representation, prejudice from that conflict is presumed under the *Strickland* test.  *Cuyler v. Sullivan,* 446 U.S. 335, 349-50 (1980); *Strickland v. Washington*, 466 U.S. 668, 692 (1984).  "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."  *Cuyler,* 446 U.S. at 350.  Stein has not alleged how his counsel other than Christenson were actively representing conflicting interests.  Thus, he cannot show those counsel were constitutionally ineffective.

With respect to Christenson, the Court agreed with Stein that Christenson was operating under a conflict of interest because he had represented Stein's co-defendant Clutts, who was to testify against Stein at trial, in a related state case, and Clutts had not waived the conflict.  However, the Court remedied that conflict by disqualifying Christenson from the case and allowing Stein an opportunity to retain new counsel, which he did.  Thus, Stein suffered no prejudice from Christenson's conflict.

Ground 9.    Cumulative Error

Stein has not demonstrated a reasonable probability that, but for the foregoing alleged errors by counsel, even if considered in combination, the result of the proceedings would have

15

been different.  Cumulative error will not therefore justify § 2255 relief.

  B. <u>Other Constitutional Error</u>

  Stein's other claims of constitutional error justifying relief are too vague to warrant further consideration.  To the extent they could have been raised on direct appeal and in light of Stein's failure to show cause or prejudice, they are also procedurally defaulted.  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000).

**IV.** **Conclusion**

  For the foregoing reasons, the Court **DENIES** Stein's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  March 29, 2010**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**